**STATE of Utah, Plaintiff and Appellee,**

v.

**Kyle Earl JONES, Defendant and Appellant.**

**No. 930491–CA.**

Court of Appeals of Utah.

July 18, 1994.

Rehearing Denied Aug. 16, 1994.

Michael A. Peterson (argued), Brooke C. Wells, Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Jan Graham, State Atty. Gen., Kenneth A. Bronston (argued), Asst. Atty. Gen., Salt Lake City, for appellee.

Before BILLINGS, DAVIS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Kyle Earl Jones, appeals his conviction of gross lewdness, a class A misdemeanor, in violation of Utah Code Ann. § 76–9–702(3) (1990). Defendant argues on appeal that the trial court should have instructed the jury on the lesser included offense of assault, and that his motion for a new trial should have been granted after the prosecutor made prejudicial comments during closing argument. We agree with defendant's first argument and reverse and remand.[1]

## FACTS

On the evening of December 31, 1992, defendant and a couple of acquaintances arrived at Shooterz, a private club in Salt Lake City. That same evening Sherri Jordan and two of her friends also attended a party at Shooterz. Jordan testified at trial that while talking to her friends at the edge of the dance floor, defendant grabbed her left arm and pulled her onto the dance floor. She further testified that she told defendant she did not want to dance and tried to get away but he proceeded to pull at her, grab her buttocks, and squeeze her. He then swung her around, poked her in the chest with his fingertips, and squeezed her clothed breasts. Jordan testified that she again told defendant to stop, after which he held out a pair of handcuffs and claimed he was a Sandy City police officer. She testified that she then ran to the club bouncers and told them what had happened. Jordan also testified that the next morning she found bruises underneath her breasts, on her buttocks, back, and left forearm. On January 7, 1993, Salt Lake Police Officer Richard Parkin photographed what he believed to be slight bruises on her back and left breast. However, no bruises were visible on the photographs.

Laurie Hatch, one of Jordan's friends who was with her at Shooterz, corroborated Jordan's account of the events by testifying that she saw defendant grab and pull Jordan onto the dance floor and that she also saw him pinch and grab her. A bouncer at the club also testified that an upset Jordan approached him about the incident that night.

Defendant was subsequently charged with forcible sexual abuse and impersonating a peace officer. The latter charge was dropped prior to trial and defendant was tried on the sole charge of forcible sexual abuse.

Defendant testified at trial that he remembered dancing with five or six people that evening and that the dance floor was very crowded. He further testified that Jordan may have been one of the people with whom he danced, but that he at no time intentionally touched any part of her body in an offensive or lewd manner. Defendant denied producing handcuffs and stated that he never claimed to be a police officer.

After evidence was presented to the jury, defense counsel requested the trial court to instruct the jury on two lesser included offenses, assault and gross lewdness. The trial court accepted and read the proposed gross lewdness instruction to the jury, but denied the requested assault instruction.

The jury subsequently convicted defendant of gross lewdness. The trial court later sentenced defendant and this appeal followed. On appeal, defendant challenges the trial court's refusal to instruct the jury on the requested lesser included offense of assault.

## STANDARD OF REVIEW

■ "An appeal challenging the trial court's refusal to give requested jury instructions presents questions of law." *State v. Singh*, 819 P.2d 356, 360 (Utah App.1991), *cert. denied*, 832 P.2d 476 (Utah 1992). Thus, we review the trial court's determination concerning jury instructions for correctness and accord it no particular deference. *Id.*

## ANALYSIS

### Instruction on Lesser Included Offense

■ The Utah Supreme Court in *State v. Baker*, 671 P.2d 152 (Utah 1983), set forth

---

1. Because we reverse and remand on defendant's lesser included offense argument, we need not reach the merits of defendant's second argument regarding prosecutorial misconduct.

an evidence-based two-part test to determine when a trial court is required to give the jury a requested lesser included offense instruction. First, the trial court must determine if the instruction sought is for a lesser included offense of the crime charged. *Id.* at 158–59. If the offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[,]" then the offense is a lesser included offense. Utah Code Ann. § 76–1–402(3)(a) (1990); *accord State v. Velarde,* 734 P.2d 449, 451 (Utah 1986). Second, the court must instruct on the lesser included offense if the evidence "provides a 'rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.'" *Baker,* 671 P.2d at 159 (quoting Utah Code Ann. § 76–1–402(4) (1990)). In other words, where the evidence is ambiguous and susceptible to alternative interpretations, and where "one alternative would permit acquittal of the greater offense and conviction of the lesser," the court must give the lesser included offense instruction. *Id.* In resolving this issue, courts must view the facts in a light most favorable to the defendant. *Velarde,* 734 P.2d at 453.

■ In the present case, the State concedes that the offense of assault is a lesser included offense to the crime charged, forcible sexual abuse, and we agree. The applicable elements for forcible sexual abuse include: (1) a touching, (2) of the anus, buttocks or any part of the genitals of another (or the breast if a female), (3) of a person 14 years of age or older, (4) or otherwise taking indecent liberties with another, (5) or causing another to take indecent liberties with the actor or another, (6) with intent to cause substantial emotional or bodily pain to any person, (7) or with intent to arouse or gratify the sexual desire of any person, (8) without the consent of the other. Utah Code Ann. § 76–5–404(1) (1990).

The pertinent elements of assault are: (1) an act, committed with unlawful force or violence, (2) that causes or creates a substan-

tial risk of bodily injury to another. Utah Code Ann. § 76–5–102 (Supp.1993). The assault statute does not mention the requisite mens rea; therefore, section 76–2–102 supplies one. It states that "when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice." Utah Code Ann. § 76–2–102 (1990).

The State concedes that the evidence presented, that defendant forcefully touched Jordan causing a risk of bodily injury, constitutes "colorable proof" of assault. This evidence provides the necessary overlap between the two offenses to establish the greater/lesser relationship. Therefore, the remaining issue under *Baker* is whether the evidence in this case provides a rational basis for acquitting defendant of the greater charge of sexual abuse and convicting him of the lesser charge of assault.

The State argues that the prosecution's evidence was the only evidence presented at trial that could have resulted in a conviction because defendant denied any unlawful touching. Further, the State contends that its evidence compelled a conviction of only gross lewdness or forcible sexual abuse because defendant touched Jordan's buttocks and breasts and thus a sexual crime, not assault, was involved. The State insists that assault can never be the charged offense when the anus, buttocks, genitals, or breasts (if a female) of another were touched without consent. We disagree. While the statutory elements for forcible sexual abuse, gross lewdness,[2] and assault all involve offensive touching, they are distinguished by the reason for the touching. Forcible sexual abuse requires an "intent" to cause substantial emotional or bodily pain or an "intent" to arouse or gratify sexual desire. Gross lewdness requires that the actor knows or should know that the touching will likely cause affront or alarm. Finally, assault requires either an intentional, knowing, or reckless at-

---

2. The applicable elements for gross lewdness under Utah Code Ann. § 76–9–702(3) (1990) include: (1) any person touches, (2) the anus, buttocks or any part of the genitals (or breast of a female), (3) of another person 14 years of age or

older, and (4) under the circumstances the actor knows or should have known that the touching will likely cause affront or alarm to the person touched.

tempt or threat to cause, or an act that does cause, bodily injury. Thus, the same intentional touching could be either forcible sexual abuse, if done to arouse or gratify or cause "substantial" bodily pain, or simple assault if done only to cause or threaten bodily injury. The location on the body where the touching takes place does not necessarily preclude the possibility that the touching was simple assault.

The State also argues, however, that an assault instruction was inappropriate because defendant's theory was that he did not offensively touch Jordan at all. As a result, the State contends the jury could only find that defendant intentionally touched Jordan or that he did not touch her. We do not think the jury was so limited in its permissible assessment of the evidence.

At trial, the victim testified that defendant grabbed her by the arm, pulled her onto the dance floor, grabbed her buttocks and back, and poked and grabbed her clothed breasts. She further testified that she discovered bruises on her left arm, back, buttocks, and breasts the morning after the encounter. Meanwhile, defendant testified that he did not remember whether or not he danced with Jordan that night. In any event, defendant testified that he did not intentionally touch her in an offensive or lewd manner.

Examining the evidence presented at trial as a whole, it is clear that the jury, if given the opportunity, could have found that although defendant did touch Jordan in an offensive manner, he lacked the intent to cause substantial pain or arouse or gratify sexual desire as required for a forcible sexual abuse conviction. It seems just as likely that the jury could have found that defendant assaulted Jordan by touching her intentionally, knowingly, or recklessly, and that such touching was either an attempt or a threat to cause, or an act that did cause bodily injury. Therefore, we find that the evidence presented at trial provided a rational basis for the jury to acquit defendant of the greater charge of forcible sexual abuse while at the same time convict him of the lesser charge of assault.

## CONCLUSION

We agree with defendant that the trial court was required to instruct on the lesser included offense of assault because the evidence presented at trial provided a rational basis to acquit on the charge of forcible sexual abuse while simultaneously providing a rational basis to convict on the charge of assault. We therefore reverse and remand for further proceedings consistent with this opinion.

BILLINGS and DAVIS, JJ., concur.