2013 UT App 275

STATE of Utah, Plaintiff and Appellee,

v.

William Robert FELDMILLER,
Defendant and Appellant.

No. 20120862–CA.

Court of Appeals of Utah.

Nov. 21, 2013.

Daniel S. Sam and Ryan B. Evershed, for Appellant.

John E. Swallow and Ryan D. Tenney, for Appellee.

Before Judges GREGORY K. ORME, JAMES Z. DAVIS, and CAROLYN B. McHUGH.

Decision

PER CURIAM:

¶ 1 William Robert Feldmiller appeals his conviction of murder. We affirm.

¶ 2 Feldmiller asserts that he received ineffective assistance of counsel due to counsel's failure to seek a special mitigation instruction under Utah Code section 76–5–205.5. To show ineffective assistance of counsel, Feldmiller must demonstrate that his trial counsel performed deficiently and that he was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In regard to the deficient performance prong, a strong presumption exists that trial "counsel's conduct falls within the wide range of reasonable professional assistance." Id. Thus, to overcome this presumption Feldmiller bears the burden of demonstrating that "there was no conceivable tactical basis for counsel's action." State v. Clark, 2004 UT 25, ¶ 6, 89 P.3d 162 (emphasis in original) (citation and internal quotation marks omitted). Feldmiller fails to meet this burden.

¶ 3 Feldmiller was charged with murder. Before trial, Feldmiller requested that lesser included offense instructions be given concerning manslaughter and negligent homicide. He also requested a self-defense instruction, which the district court allowed. During a mid-trial discussion, the district court agreed to submit the reckless manslaughter instruction; however, the district court determined that there was insufficient evidence to present the jury with an instruction on negligent homicide. After being informed of this decision, Feldmiller's counsel requested time to speak with Feldmiller. Following that conference, Feldmiller's counsel stated that Feldmiller opposed the submission of the manslaughter instruction. Counsel explained that he did not want the instruction if the court refused to provide an instruction for negligent homicide because the instructions were a "package together." Counsel's closing arguments on behalf of Feldmiller revealed that the reason behind this decision was to support an "all or nothing" strategy. Cf. State v. Dyer, 671 P.2d 142, 145 (Utah 1983) (recognizing the use of an "all or nothing" defense). Specifically, counsel argued that while Feldmiller may have done something wrong, he could not be convicted of murder because he did not have the requisite intent. Counsel further noted that the intent element of murder differed from lesser offenses, and that those lesser offenses were not "on the table."

¶ 4 These arguments reflect that Feldmiller's counsel's strategic reason for rejecting

the manslaughter instruction and for not requesting the special mitigation instruction was to pursue the all or nothing defense. This court has previously recognized the validity of the strategy. *See id.; see also State v. Valdez*, 19 Utah 2d 426, 432 P.2d 53, 54 (1967). Recently, in *State v. Campos*, we rejected another defendant's similar argument that counsel provided ineffective assistance of counsel by failing to request a special mitigation instruction. *See State v. Campos*, 2013 UT App 213, ¶ 36, 309 P.3d 1160. In *Campos*, counsel elected not to pursue a special mitigation instruction based on extreme emotional distress because he decided to pursue the theory of self-defense, which could have led to a complete acquittal. We determined that counsel did not act unreasonably or ineffectively in deciding to pursue one theory instead of another, especially when the two theories were arguably inconsistent. *See id.* Here, counsel believed that the State had overcharged Feldmiller and could not meet its burden of proving the requisite intent of murder. Accordingly, Feldmiller's counsel, after consulting with Feldmiller, elected to pursue a strategy that would not allow the jury to convict on a lesser charge. Because of the wide latitude counsel is given in making strategic decisions at trial, we cannot conclude that counsel acted unreasonably in pursuing such a strategy. Therefore, Feldmiller fails to demonstrate that his trial counsel was ineffective.

¶ 5 Feldmiller next argues that the district court erred by failing to submit an instruction to the jury sua sponte for special mitigation based on extreme emotional distress. *See* Utah Code Ann. § 76–5–205.5 (LexisNexis 2012). Feldmiller acknowledges that the issue was not preserved in the district court. Accordingly, he asserts that the district court committed plain error by failing to provide the instruction to the jury. "To prevail under plain error review, a defendant must demonstrate that '[1] an error exists; [2] the error should have been obvious to the trial court; and [3] the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome.'" *State v. Ross*, 2007 UT 89, ¶ 17, 174 P.3d 628 (quoting *State v. Lee*, 2006 UT 5, ¶ 26, 128 P.3d 1179). However, plain error review is inappropriate when it resulted from the appellant's strategic decision. *See State v. McNeil*, 2013 UT App 134, ¶ 13, 302 P.3d 844 ("Plain error review is inappropriate when the error was invited by the appellant or resulted from the appellant's strategic decision."). Thus, if trial counsel's strategic decisions were "conscious and did not amount to ineffective assistance of counsel, this Court should refuse to consider the merits of the trial court's ruling." *State v. Bullock*, 791 P.2d 155, 159 (Utah 1989).

¶ 6 As detailed above, Feldmiller's counsel's decision to reject a manslaughter instruction and pursue an all or nothing defense constituted a legitimate trial strategy. It was not within the district court's province to question that trial strategy or force Feldmiller and his counsel to pursue a trial strategy they did not wish to pursue. Accordingly, because the alleged error resulted from Feldmiller's strategic decision, we do not review for plain error the district court's decision not to submit a special mitigation instruction to the jury.

¶ 7 Affirmed.