**2017 UT App 233**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
TRAVIS BRITTON HULL,
Appellant.

Opinion
No. 20151028-CA
Filed December 21, 2017

Second District Court, Farmington Department
The Honorable Michael G. Allphin
No. 151700631

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN, Judge:

¶1    Defendant Travis Britton Hull appeals from his conviction
for burglary, charged as a second-degree felony. He argues that
his constitutional right to the effective assistance of counsel was
violated because his trial counsel failed to request an instruction
regarding a lesser included offense of criminal trespass. Because
a decision not to request such instruction was objectively
reasonable in this case, we conclude that Defendant has failed to
show that the assistance he received from counsel was
constitutionally ineffective. We therefore affirm.

BACKGROUND

¶2     One morning, Defendant got out of a parked SUV and approached a homeowner (Homeowner) as she walked up to her house. He asked if Homeowner remembered him, introduced himself as Travis, and said he had dated Homeowner's daughter in high school. Defendant inquired after Homeowner's daughter, before asking for a ride to a gas station because he had run out of gas. Homeowner agreed to give him a lift, but stepped inside her house first.

¶3     While this conversation was taking place, Homeowner's brother (Brother) had begun unloading supplies from his truck for some remodeling work he was doing inside the house. Homeowner told Brother that she was taking Defendant to the gas station. As she left the house, she picked up a bag of trash from the kitchen trashcan and took it outside to the garbage bin, leaving the empty trashcan in the kitchen. Defendant retrieved a portable gas can from his SUV, and he and Homeowner left for the gas station.

¶4     Later, after Brother finished unloading his supplies, he drove to the same gas station for breakfast. When Brother arrived, Defendant came to Brother's truck, opened the door, and asked for a ride back to the house where his SUV was parked. Brother drove Defendant to the house and dropped him off. Brother then drove back to the gas station for breakfast.

¶5     While driving, Brother remembered that he had left the front door to the house unlocked and became worried. After picking up breakfast, he quickly returned to the house, arriving five to ten minutes after he had dropped off Defendant there. The SUV was still there, now with the motor running, but Defendant was not in it. Brother went up to the house and found the front door locked. He then spotted Defendant in the back yard of the house, walking toward a neighboring property.

¶6    Brother confronted Defendant by saying to him, "You've been in the house." Defendant responded, "I wasn't in the house. You never saw me in the house. You can't prove I was in the house." Brother said he was going to call the police, and Defendant retreated to his SUV. Defendant drove away in reverse—perhaps to conceal his license plate, which was affixed only to the rear of the SUV.

¶7    Brother called the police and was able to provide a partial license plate number to them. While he waited for officers to arrive, he checked the back door of the house and found it unlocked. Brother also noticed the kitchen trashcan sitting on the back porch and inspected it. When Homeowner had left the house, the trashcan was empty and in the kitchen. But now it was on the back porch and contained a bag of chocolate covered pretzels, a pack of frozen fish sticks, two pork chops, and an iPad with its charger.

¶8    Homeowner returned to the house and confirmed that these items had been inside the house when she left. She remembered that the pretzels had been on the kitchen counter, the fish sticks and pork chops had been in the freezer, and the iPad and its charger had been on her dresser. She also noticed that her iPod, which had been next to the iPad, was missing. The iPod was not found.

¶9    Homeowner called her daughter and asked if the daughter had dated anyone named Travis in high school. Her daughter said she had dated a Travis Hull, and Homeowner reported that name to the police. This information led to Defendant's arrest.

¶10    The State charged Defendant with burglary as a second-degree felony and theft as a class B misdemeanor. Burglary is a third-degree felony "unless it was committed in a dwelling, in which event it is a second degree felony." *See* Utah Code Ann.

§ 76-6-202(2) (LexisNexis 2012). The State's theory was therefore that Defendant had entered the house to steal the items. Defendant's trial counsel argued to the jury that Defendant had never entered the house, noting that no one had seen Defendant enter or exit the house and that no forensic evidence of his presence had been found inside the house. Trial counsel also noted the short time period between Defendant being dropped off at the house and being confronted by Brother and suggested that it was more likely that someone else had entered the house to steal the items while Brother and Defendant were at, or en route to or from, the gas station.

¶11 The jury convicted Defendant of burglary but acquitted him of theft. *But see infra* ¶ 23 note 4 (noting an apparent error in the minutes). Defendant appeals.

ISSUE AND STANDARD OF REVIEW

¶12 On appeal, Defendant contends that the jury should have been instructed as to criminal trespass as a lesser included offense of burglary. *See generally State v. Baker*, 671 P.2d 152, 159–60 (Utah 1983). Because Defendant did not raise this contention at trial, he argues he received ineffective assistance of counsel. *See, e.g., State v. Kennedy*, 2015 UT App 152, ¶¶ 22–23, 354 P.3d 775 (discussing the resolution of unpreserved claims through the lens of ineffective assistance of counsel). Defendant argues that trial counsel's failure to request an instruction regarding criminal trespass deprived him of his constitutional right to the effective assistance of counsel. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (brackets, citation, and internal quotation marks omitted).

ANALYSIS

¶13 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because both deficient performance and resulting prejudice are requisite elements for a claim of ineffective assistance of counsel, failure to prove either element necessarily defeats the claim. *Id.* at 697; *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769.

¶14 Defendant argues that trial counsel performed deficiently by failing to request that the trial court instruct the jury regarding criminal trespass. Defendant asserts that criminal trespass is a lesser included offense of burglary. An offense is lesser and included when "[i]t is established by proof of the same or less than all the facts required to establish the commission" of the greater offense charged, when it is an inchoate form of the greater offense, or when it is "specifically designated by a statute as a lesser included offense." Utah Code Ann. § 76-1-402(3) (LexisNexis 2012). Thus, a lesser included offense exists when the defendant is charged with some greater offense and conviction of that greater offense necessarily requires finding that the defendant committed each and every element of the lesser offense *plus* at least one other element found in the greater offense. *See, e.g., State v. Powell*, 2007 UT 9, ¶ 25, 154 P.3d 788. We assume, for the purposes of this case, that criminal trespass is a lesser included offense of the burglary charged.[1]

---

1. *See, e.g., State v. Neeley*, 748 P.2d 1091, 1095 (Utah 1988) (treating criminal trespass as a lesser included offense of burglary); *State v. Baker*, 671 P.2d 152, 159–60 (Utah 1983) (same); *State v. Quintana*, 2004 UT App 418, ¶¶ 8–9, 103 P.3d 168 (accepting without analysis that criminal trespass was a lesser

(continued…)

¶15    A defendant is entitled to a jury instruction on a lesser included offense, so long as "the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973).[2] Thus, when there is a basis for a lesser-included-offense instruction in the evidence, and the defense requests one be given, the court must give the instruction. *See id.* at 208, 213.

---

(…continued)
included offense of burglary); *State v. Peterson*, 881 P.2d 965, 969 (Utah Ct. App. 1994) (same); Utah Code Ann. § 76-6-206 notes of decisions (LexisNexis Supp. 2014). *See generally* 42 C.J.S. *Indictments* § 336 (2017) (noting that "[o]ther included offenses on a charge of burglary include . . . criminal trespass, at least under certain circumstances") (footnotes omitted)).

2. This is true even if, as here, the jury subsequently finds the defendant guilty of the greater offense:

> [I]t is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.

*Keeble v. United States*, 412 U.S. 205, 212–13 (1973).

¶16 However, even when there is a basis for a lesser-included-offense instruction, counsel can reasonably decide not to request one. This is because, depending on the facts of a particular case, counsel may have perfectly valid tactical reasons to forgo the instruction and to instead present an "all or nothing" defense that entails avoiding a lesser-included-offense instruction in the hopes the jury will find the defendant "totally innocent of *any* wrongdoing." *See State v. Dyer*, 671 P.2d 142, 145 (Utah 1983); *cf. State v. Feldmiller*, 2013 UT App 275, ¶¶ 3–4, 316 P.3d 991 (per curiam) (holding that counsel did not perform deficiently by forgoing a special mitigation instruction, because the "wide latitude counsel is given in making strategic decisions" encompasses "all or nothing" defenses that could lead "to a complete acquittal").

¶17 Because requesting a lesser-included-offense instruction is within counsel's strategic discretion, we must consider whether, in the circumstances of this case, trial counsel could have reasonably decided not to have the jury instructed regarding the lesser included offense. Attorneys are afforded "wide latitude" in making such decisions because "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. We will conclude that counsel's performance was deficient only if it can be said that no objectively competent attorney would have adopted the complained-of strategy. *See id.* at 690 (charging reviewing courts with determining "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance").

¶18 Defendant argues that the State's evidence of burglary was so weak that the jury would not have convicted him of burglary had it been given the option of convicting him of criminal trespass instead. He notes that no forensic evidence of his presence (e.g., his fingerprints or his personal items) was found inside the house, that no one testified that he had been

inside the house, and that the State conceded in its closing argument that no one had seen him inside the house.

¶19    However, the very weaknesses Defendant identifies in the State's case reinforce the reasonableness of a decision to pursue an "all or nothing" defense. While none of the witnesses testified that they had seen Defendant inside the house, Brother did testify that Defendant had been in the back yard of the house and Homeowner confirmed that items she had left inside the house were found in the trashcan on the back porch of the house. As a result, trial counsel could reasonably have anticipated that (1) the absence of direct or forensic evidence that Defendant had been inside the house could very well lead to an acquittal on the burglary charge while (2) Brother's testimony that Defendant had been in the back yard would likely lead to conviction on the lesser included offense of criminal trespass. In other words, trial counsel could reasonably have believed that the jury would readily convict Defendant of criminal trespass even though the case for burglary was weak.[3] Trial counsel could therefore have reasonably decided to focus on the perceived weaknesses of the evidence underlying the burglary charge. Indeed, trial counsel's closing argument focused on the lack of proof that Defendant had been inside the house:

---

3. We employ the term "weak" not because we doubt the jury's verdict but because the evidence supporting a burglary charge was relatively weaker than that which would have supported a criminal-trespass charge. Specifically, a criminal-trespass charge would have been supported by direct testimonial evidence while the burglary charge was supported by circumstantial evidence. Nevertheless, "it is a well-settled rule that circumstantial evidence alone may be sufficient to establish the guilt of the accused and direct evidence is not required to establish guilt." *State v. Harris*, 2015 UT App 282, ¶ 9, 363 P.3d 555 (brackets, citations, and internal quotation marks omitted).

> Based upon all the facts that I've mentioned to you, there's reasonable doubt as to the burglary because the State has to prove beyond a reasonable doubt that Mr. Hull entered or remained unlawfully inside the house with intent to commit theft. If either of those elements are lacking, his presence in the house or the intent to commit a theft, then the State's failed to meet its burden, and you are required by our law and our constitution, both of our state and of the United States, to find my client, Mr. Hull, not guilty.

¶20 We conclude that it was objectively reasonable for trial counsel to forgo a lesser-included-offense instruction and to instead present an "all or nothing" defense.

¶21 Because not requesting a lesser-included-offense instruction was within the "wide range of professionally competent assistance," we conclude that trial counsel's failure to make such a request did not amount to deficient performance. *See Strickland*, 466 U.S. at 690. And because both deficient performance and resulting prejudice are requisite elements in a successful ineffective-assistance-of-counsel claim, Defendant's failure to prove deficient performance necessarily defeats his claim. *Id.* at 697; *Hards*, 2015 UT App 42, ¶ 18.

CONCLUSION

¶22 Defendant has not demonstrated that, under these circumstances, it was outside the wide range of professionally competent assistance to forgo a lesser-included-offense instruction in the hopes of securing a complete acquittal. We therefore conclude that trial counsel's failure to request an instruction regarding the lesser included offense did not violate

Defendant's constitutional right to the effective assistance of counsel.

¶23    Affirmed.[4]

———————

4. We note a discrepancy in the record. According to the verdict form filled out by the jury's foreperson, the jury convicted Defendant of burglary and acquitted him of theft. The eight-person jury was polled, and each juror confirmed that the verdict form accurately reflected the verdict. At the sentencing hearing, the court rejected a request for restitution for the missing iPod, noting that no theft conviction had been entered. And the State conceded, "He was acquitted on that charge, and I don't think we can ask for [restitution]." However, according to the minutes memorializing the sentencing hearing, Defendant was convicted of both charges, Defendant was sentenced for both charges, and the sentences for the two charges were ordered to run concurrently. The minutes further reflect that Defendant was fined $10,000 for each charge, with the bulk of the two fines suspended.

On appeal, Defendant refers to the minutes in a footnote, stating that they are "subject to correction pursuant to clerical error." *See generally* Utah R. Crim. P. 30(b). And the State concedes that the minutes "appear[] to be a clerical error." Nevertheless, the error has not been corrected; during the pendency of this appeal, new probation documents containing and perpetuating the theft-conviction error have been added to the record.

Defendant does not ask this court to order any relief regarding the apparently erroneous minutes, and we therefore do not do so. We note, however, that Defendant is free to move for such relief in the district court.