**2018 UT App 183**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DAVID ANTHONY RICKS,
Appellant.

Opinion
No. 20160894-CA
Filed September 27, 2018

Second District Court, Farmington Department
The Honorable David M. Connors
No. 131701195

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and DIANA HAGEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1      David Anthony Ricks appeals his conviction for forcible
sexual abuse, a second degree felony. He argues that his
constitutional right to the effective assistance of counsel was
violated because his trial counsel failed to request an instruction
regarding a lesser included offense of assault. We affirm.

BACKGROUND

¶2      One evening, Ricks and his girlfriend (Girlfriend) began
arguing in the bathroom of the home they shared with Ricks's
mother. The couple disagreed about whether Girlfriend had

been using drugs, and Ricks was looking around the bathroom for drugs and a needle he suspected Girlfriend was using. To prove to Ricks that she was not hiding anything, Girlfriend disrobed.[1]

¶3 As Girlfriend sat naked on the bathtub ledge, Ricks took a pair of metal tweezers and "tried to rip [her] nipple off." Ricks "picked forcefully" at Girlfriend's nipple, lacerating it and causing Girlfriend pain. Both Ricks and Girlfriend later told an officer that Girlfriend had bit him on the nipple a few months earlier, causing it to bleed.

¶4 Ricks left the room after the tweezing incident, while Girlfriend dressed. Once dressed, Girlfriend joined Ricks in another room and the two started arguing with each other again. During the argument, Ricks hit her in the head and face five or six times and in the thigh once. Ricks's mother heard Girlfriend screaming, and when she entered the room she saw Ricks hitting Girlfriend in the face. Girlfriend told Ricks's mother to call the police, so Ricks's mother grabbed her keys and cell phone and ran out of the home. After his mother left, Ricks threw a large plastic mug at Girlfriend's face, splitting her cheek open. Ricks then ran after his mother.

¶5 Ricks caught up with his mother in the front yard, grabbed her arm, and tried to take away her phone. A neighbor saw Ricks and his mother fall to the ground and ran over to help. By the time the neighbor got there, Ricks had already picked his mother up from the ground. The neighbor tried in vain to "pry [Ricks's] arms from [his mother]." Ricks finally got the cell phone away from his mother and let go of her. Realizing that another neighbor had already called the police, Ricks said,

---

1. Girlfriend could not later recall if she disrobed on her own initiative or at Ricks's insistence.

"Thanks, Mom," and threw his mother's cell phone onto the ground, breaking it into two pieces.

¶6    The State charged Ricks with one count of forcible sexual abuse, two counts of assault, one count of criminal mischief, and one count of damage or interruption of a communication device. The forcible sexual abuse count and the first assault count related to Ricks's interactions with Girlfriend, and the remaining counts related to the incident with his mother.

¶7    During trial,[2] Ricks contested only the forcible sexual abuse charge. During his opening statement, Ricks's trial counsel stated, "Did he assault her? Yes, he did." "But," counsel argued, "this is not . . . forcible sexual abuse." And during closing argument, trial counsel stated, "Is that an assault? Good grief, yes, and there is a charge of assault, domestic violence in here." Trial counsel requested and received a jury instruction on sexual battery as a lesser included offense of forcible sexual abuse. However, trial counsel did not request an instruction on assault as a lesser included offense of forcible sexual abuse. The jury convicted Ricks as charged.

---

2. In a separate but related case, the State charged Ricks with witness tampering because he allegedly asked his mother not to come to court and testify against him. Prior to trial in this case, Ricks rejected two proposed plea deals for global resolution of both cases. Under the first proposed deal, Ricks would have pleaded guilty to witness tampering, two counts of assault, and damage to or interruption of a communication device, and the State would have dismissed the forcible sexual abuse and criminal mischief charges. The second proposed deal involved reducing the forcible sexual abuse charge to a third-degree felony or changing it to a class A misdemeanor sexual battery charge. On the eve of trial, Ricks also rejected the State's renewal of its first plea offer.

¶8     Ricks asked trial counsel about filing an appeal, and trial counsel stated that he would visit Ricks to discuss the issue. Trial counsel never visited Ricks, however, and the time to appeal passed. Ricks later moved to reinstate the time to file an appeal, and the trial court ultimately granted his motion. Ricks timely appealed.

ISSUE AND STANDARD OF REVIEW

¶9     Ricks contends that his trial counsel rendered ineffective assistance by failing to request a lesser-included-offense instruction for assault on the forcible sexual abuse count. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

ANALYSIS

¶10    To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense—"that is, a reasonable probability exists that but for the deficient conduct defendant would have obtained a more favorable outcome at trial." *State v. Horvath*, 2018 UT App 165, ¶ 30 (quotation simplified); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶11    "Because both deficient performance and resulting prejudice are requisite elements of an ineffective assistance of counsel claim, a failure to prove either element defeats the claim." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769; *see also Strickland*, 466 U.S. at 697. Moreover, "[a] court need not review the deficient performance element before examining the

prejudice element." *State v. Ramos*, 2018 UT App 161, ¶ 25. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Id.* (quotation simplified).

¶12 Ricks argues that trial counsel performed deficiently by failing to request that the trial court instruct the jury on assault as a lesser included offense of forcible sexual abuse.[3] A defendant is entitled to such an instruction where (1) "the charged offense and the lesser included offense have overlapping statutory elements" and (2) "the evidence 'provides a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.'" *State v. Powell*, 2007 UT 9, ¶ 24, 154 P.3d 788 (quoting *State v. Baker*, 671 P.2d 152, 159 (Utah 1983)). We assume that Ricks was entitled to an instruction on assault as a lesser included offense of forcible sexual abuse.[4] However, we need not decide whether trial counsel's failure to request the instruction was deficient or if there was a reasonable strategic basis for that decision, because we conclude that Ricks has not demonstrated that he was prejudiced by his counsel's performance.

¶13 There is no reasonable probability that the jury would have acquitted Ricks of forcible sexual abuse and convicted him

---

3. In a one sentence footnote, Ricks further asserts that his ineffective-assistance analysis regarding the lesser included offense of assault "also applies to the lesser included offense of aggravated assault, which is set forth in Utah Code Ann. § 76-5-103." Because this argument is inadequately briefed, we do not discuss it further. *See generally* Utah R. App. P. 24(a)(8).

4. This court has previously determined that assault is a lesser included offense of forcible sexual abuse. *State v. Jones*, 878 P.2d 1175, 1177–78 (Utah Ct. App. 1994).

of assault if it had been given that option. Forcible sexual abuse and assault both "involve offensive touching" and "are distinguished by the reason for the touching." *State v. Jones*, 878 P.2d 1175, 1177 (Utah Ct. App. 1994). "Forcible sexual abuse requires an 'intent' to cause substantial emotional or bodily pain or an 'intent' to arouse or gratify sexual desire."[5] *Id.* In contrast, "assault requires either an intentional, knowing, or reckless attempt or threat to cause, or an act that does cause, bodily injury."[6] *Id.* at 1177–78.

¶14   The State acknowledges that it conceded below "that Ricks did not act with the 'intent to arouse or gratify' a sexual desire." (Quoting Utah Code Ann. § 76-5-404(1) (LexisNexis 2017).) Accordingly, to prove Ricks guilty of forcible sexual abuse, the State had to establish that Ricks acted "with intent to cause substantial emotional or bodily pain." *See id.* As the State correctly observes, "the test is not whether Ricks inflicted substantial bodily pain. It's whether he *intended* to." (Emphasis added.) Thus, "[t]he sole dispute at trial was Ricks's intent when he pinched and lacerated [Girlfriend's] nipple with metal tweezers."

---

5. "A person commits forcible sexual abuse if the victim is 14 years of age or older and, under circumstances not amounting to rape, object rape, sodomy, or attempted rape or sodomy, the actor . . . touches the breast of a female, . . . with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of the other, regardless of the sex of any participant." Utah Code Ann. § 76-5-404(1) (LexisNexis 2012).

6. Assault is defined, in relevant part, as "an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another." *Id.* § 76-5-102(1)(c).

¶15    Intent is seldom capable of direct proof. Thus, "it is well established that intent can be proven by circumstantial evidence." *State v. Whitaker*, 2016 UT App 104, ¶ 13, 374 P.3d 56 (quotation simplified). "Intent may be inferred from the actions of the defendant or from surrounding circumstances." *Id.* (quotation simplified).

¶16    Here, Girlfriend testified that Ricks touched her nipple with the metal tweezers "[j]ust once." She initially testified that it was "painful" when Ricks did so and that she "probably" said "something not pleasant" to him. But on cross-examination, she stated that she elbowed Ricks because he had "just tried to rip [her] nipple off with [the] tweezers" and that she was "pretty upset by that." Girlfriend also recalled telling police that Ricks had "picked forcefully" at her nipple. A picture shown at trial demonstrated that Ricks squeezed Girlfriend's nipple with the metal tweezers hard enough to lacerate it. These actions indicate that Ricks intended to cause Girlfriend substantial bodily pain.

¶17    Looking at the surrounding circumstances, the evidence also demonstrates that within minutes of picking forcefully at and lacerating Girlfriend's nipple, Ricks hit her in the face, head, and thigh. He also threw a large plastic mug at Girlfriend hard enough to split her cheek. A neighbor testified that "it was all bloody" under Girlfriend's eye. The jury viewed pictures of Girlfriend's face, but one of the responding officers testified that the pictures did not fully show the extent of the swelling. The officer testified: "[H]er face was puffy and swollen and it was very bruised on her forehead, on her nose and the left side of her face was bloody." We agree with the State that "Ricks's overall aggression toward [Girlfriend] . . . strongly suggest[s] that he intended to cause substantial bodily pain when he pinched and lacerated [Girlfriend's] nipple with metal tweezers."

¶18    But even if the jury had concluded that Ricks did not intend to cause Girlfriend substantial bodily pain and acquitted

him of forcible sexual abuse, there is still no reasonable probability that the jury would have convicted him of assault. Ricks requested and received a lesser-included-offense instruction on sexual battery, a class A misdemeanor. *See* Utah Code Ann. § 76-9-702.1(3) (LexisNexis 2012). Thus, even if the jury had been given a lesser included offense instruction on class B misdemeanor assault, to convict Ricks of assault the jury would have been required to first acquit Ricks of both forcible sexual abuse and sexual battery. Pursuant to Utah Code section 76-9-702.1, "[a] person is guilty of sexual battery if the person . . . intentionally touches, whether or not through clothing, . . . the breast of a female person, and the actor's conduct is under circumstances the actor knows or should know will likely cause affront or alarm to the person touched." *Id.* § 76-9-702.1(1).

¶19 Here, the evidence demonstrates that Ricks intentionally touched Girlfriend's breast when he squeezed and lacerated her nipple with a pair of metal tweezers. Girlfriend did not consent to Ricks's actions—she testified that Ricks did not ask her permission or give her any warning before he touched her nipple with the tweezers and that his doing so surprised her. *See generally State v. LoPrinzi*, 2014 UT App 256, ¶ 20, 338 P.3d 253 (observing that "the affront or alarm language [in the sexual battery statute] must implicate a lack of consent"). The evidence also demonstrates that Ricks knew or should have known that squeezing Girlfriend's nipple with metal tweezers hard enough to lacerate it would "likely cause affront or alarm" to Girlfriend. *See* Utah Code Ann. § 76-9-702.1(1). Based on the foregoing evidence, we conclude that there is no reasonable probability that the jury would have acquitted Ricks of sexual battery and instead convicted him of assault.

¶20 We conclude that Ricks was not prejudiced by his counsel's failure to request a lesser-included-offense instruction on assault because the evidence strongly supports Ricks's conviction for forcible sexual abuse and there is no reasonable

probability that the jury would have acquitted Ricks of sexual battery. More specifically, we are not convinced that, but for counsel's failure to request a lesser-included-offense instruction on assault, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. "And because both deficient performance and resulting prejudice are requisite elements in a successful ineffective-assistance-of-counsel claim," Ricks's failure to demonstrate prejudice "necessarily defeats his claim." *See State v. Hull*, 2017 UT App 233, ¶ 21, 414 P.3d 526.

CONCLUSION

¶21    Ricks has not demonstrated that he was prejudiced by his trial counsel's failure to request a lesser-included-offense instruction on assault. We therefore conclude that trial counsel's failure to request such an instruction did not violate Ricks's constitutional right to the effective assistance of counsel.

¶22    Affirmed.

————————